IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO FIGUEROA, | : | 1:13-cv-230 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**September 9, 2013**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 20) filed on August 19, 2013 recommending that Defendants' Motion to Dismiss (Doc. 15) be granted. Objections to the R&R were due by September 6, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety.

**I.  STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

1

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

At issue in the instant R&R is Defendants' Motion to Dismiss. In their motion, Defendants contend that dismissal is proper based on Plaintiff's failure to comply with the local rules of this court and failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. For the reasons that follow, we agree with Magistrate Judge Carlson that the motion should be granted.

At the time this action was filed, *Pro se* Plaintiff Fernando Figueroa ("Plaintiff") was a federal prisoner housed in the United States Penitentiary,

Canaan. Plaintiff's complaint alleges that the prison served chicken tainted with salmonella bacteria on June 25, 2011, from which Plaintiff contracted food poisoning and suffered excruciating pain among other debilitating effects. Plaintiff alleges these injuries were caused by negligence and wrongdoing of prison officials and sought damages from the United States and individual defendants. The Court ordered Plaintiff to participate in a mediation process and Plaintiff did not respond. Defendants' attempts to correspond with Plaintiff have been returned as undeliverable. According to the Defendants, Plaintiff has been released from prison and his current whereabouts are unknown. Magistrate Judge Carlson entered an order attempting to place the Plaintiff on notice of his duties as a litigant. This order has also been returned as undeliverable.

As explained by Magistrate Judge Carlson, Plaintiff's failure to maintain an address with the court is a violation of Local Rule 83.18. After Magistrate Judge Carlson's specific direction to comply with this rule, the failure to do so is sufficient to find Plaintiff has abandoned this litigation. Nonetheless, Magistrate Judge Carlson engaged in a thorough analysis of Rule 41(b) and the *Poulis* factors. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Under these factors, Plaintiff's failure to maintain a current address with the court is entirely Plaintiff's fault and has prejudiced the Defendants. Plaintiff's history of

delay demonstrates these actions are not isolated or accidental and represent a continuing disregard for this case and the Court. Plaintiff's failure to comply with previous sanctions and instructions leaves only the sanction of dismissal. While the merits of Plaintiff's claims do weigh into balancing the *Poulis* factors, this single consideration does not save these untested claims. Plaintiff's complete failure to maintain communication with the Court has frustrated any adjudication of the matter and therefore dismissal is proper under Rule 41.

As we have already mentioned, Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate order shall issue.